Case 2:20-cv-00202   Document 31   Filed on 09/09/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TYLER JOSEPH CLARK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-202 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

# ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 16). On May 7, 2021, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 22), recommending that Respondent's motion be granted, Petitioner's application for writ of habeas corpus be dismissed, and a Certificate of Appealability (COA) be granted on three issues pertaining to ineffective assistance of counsel. Petitioner timely filed his objections (D.E. 23)[1] by placing them in the mail on May 25, 2021. D.E. 23, p. 4. For the reasons set out below, the Court REJECTS the issuance of a COA and otherwise ADOPTS the findings and conclusions of the M&R.

---

[1] Petitioner filed two sets of objections, docketed as D.E. 23 and D.E. 25. The objections appear to be identical. Therefore, the Court refers only to the first set in this order. In addressing timeliness, he claims to have received the M&R on April 14, 2021, which the Court construes as May 14, 2021, because the M&R was not issued until May 7, 2021.

### I.     Testimony by Closed-Circuit Television

Petitioner Tyler Joseph Clark (Clark) objects that the Magistrate Judge failed to acknowledge the actual issues presented with respect to the trial court allowing two child witnesses to testify by closed-circuit television. He argues that the trial court was required to find that the process was "necessary" because the witnesses were "unavailable" and under 13 years of age. It is undisputed that they were over the age of 13 at the time they testified. The error, he argues, violated his right to confront witnesses and his right to due process. D.E. 23, p. 1.

More specifically, he cites *Walker v. Martin*, 562 U.S. 307, 321 (2011), for the proposition that state procedural requirements must be carefully examined to ensure that they do not operate to discriminate against claims based on federal rights. D.E. 23, pp. 1-2. This case is not helpful because Clark is not claiming that enforcement of a state procedural requirement caused a loss of a federal claim. Instead, he seeks to enforce the state procedural requirements in an effort to support his federal claim.

Clark does not otherwise challenge the analysis of the M&R. The Magistrate Judge reached the conclusion that the manner of calling the witnesses by closed-circuit television did not necessarily violate federal constitutional confrontation rights. D.E. 22, pp. 23-24. Moreover, the issue was subject to procedural default by failing to raise a timely objection. *Id*., pp. 24-25. And Clark could not show prejudice. *Id*., pp. 25-26. Clark has failed to show any error in these conclusions. The first objection is OVERRULED.

## II. Law Enforcement Juror

Clark objects to the conclusion of the Magistrate Judge that there was no error in allowing juror Boudreaux to serve on the jury. He claims that the juror concealed information in voir dire, which constitutes bias, citing *Brooks v. Dretke*, 418 F.3d 430, 433 (5th Cir. 2005). *Brooks* involved a juror who was arrested during trial and would be subjected to criminal charges prosecuted by the same office which was prosecuting Brooks. That created a post-voir dire conflict of interest for the juror that amounted to implied bias.

However, the *Brooks* decision recognized that implied bias applies in only very limited circumstances.

> While each case must turn on its own facts, there are some extreme situations that would justify a finding of implied bias. Some examples might include a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction.

*Id*. (quoting *Smith v. Phillips*, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring)).

Juror Boudreaux disclosed during voir dire that she was a corrections officer for the Aransas County Sheriff's Office, and had seen Clark in his cell, but that she had not spoken with him. D.E. 22, p. 3. She also admitted that she knew witness Raven Fox and stated that that knowledge would not impact her ability to be fair. *Id*. No further questions were asked. *Id*. And Clark's objection does not detail what information he claims was concealed.

Clark's attorney testified that he and Clark specifically discussed the juror prior to exercising their strikes and that Clark did not have any problem with having her on the jury. *Id*. at 14-15. Otherwise, he would have stricken her. *Id*. This appears to be a knowing waiver of any issue related to her employment or familiarity with the witness. The juror further testified about her job and acquaintances and how nothing about them would interfere with her ability to be fair. *Id*. at 18-19. Clark's objection does not provide any reason to discount this testimony, or the state court judge and Magistrate Judge's reliance on it. *See id*. at 27-28. Neither does Clark address the Magistrate Judge's analysis in finding no prejudice in having Boudreaux on the jury when Clark admitted to the operative facts in the charges against him and received a sentence in the middle of the range of punishment available.

Clark's reliance on *United States v. Herndon*, 156 F.3d 629 (6th Cir. 1998), is misplaced. That case addressed potential bias resulting from a business relationship between the juror and the defendant that had not been disclosed prior to trial. *Id*. at 636. And the error the opinion identified was in the trial court's failure to investigate by refusing to allow the defendant a posttrial hearing to prove bias. *Id*. at 637. Here, the basis for the potential bias was disclosed prior to trial and Clark had an opportunity to prove bias. The holding in *Herndon* does not apply.

The Court has also reviewed the opinion in *Skilling v. United States*, 561 U.S. 358, 398 (2010), on which Clark also relies. The Supreme Court in *Skilling* determined there was no reason to find that any challenged juror was biased, much less that bias should be

presumed. The Court OVERRULES Clark's second objection complaining of the alleged bias of the juror.

### III. Ineffective Assistance of Counsel

The M&R addresses seven complaints within the claim of ineffective assistance of counsel. Referring to each, Clark takes four different approaches in his objections to the M&R. Because the manner in which he objects determines the Court's ruling on the objections, the Court addresses the objections by category.

**Simple Waiver**. Clark affirmatively waived any challenge to the finding that his attorney was not deficient for failing to object to the testimony of Cox and Schmidt. D.E. 23, p. 3 (addressing M&R ground 6). Therefore, the Court will not address the finding as it is not part of the objections.

**Forfeiture in Deference to COA**. Clark states that he has no objection to the following findings because the Magistrate Judge recommended that a certificate of appealability issue on them:

- The record does not establish that trial counsel was deficient for failing to object to the juror (M&R ground 1);

- Even if trial counsel performed deficiently by failing to object to the testimony over closed-circuit television, Clark has not established that he was prejudiced by this failure (M&R ground 3); and

- The record does not establish that trial counsel was deficient for failing to object to the prior bad acts testimony or that Clark was prejudiced (M&R ground 4).

D.E. 23, pp. 2-3.

Reading Clark's objections liberally in his favor, the Court treats the failure to object as a forfeiture rather than a waiver of his objections.

> Waiver, the "intentional relinquishment or abandonment of a known right," is distinguishable from forfeiture, the "failure to make the timely assertion of a right." Whereas the former results in no error, the latter does not extinguish the error. Thus, a forfeited legal error, or unobjected-to, unwaived error, may be reviewable if it qualifies.

*United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (footnotes omitted). By failing to brief any objections, Clark is entitled to only a plain error review of the above findings. *See* D.E. 22, p. 43; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1).

"'Plain is synonymous with 'clear' or 'obvious,' and, '[a]t a minimum,' contemplates an error which was 'clear under current law' at the time of trial." *Calverley*, 37 F.3d at 162–63 (footnotes omitted). "The Supreme Court has taught repeatedly that 'plain' errors are errors which are 'obvious,' 'clear,' or 'readily apparent;' they are errors which are so conspicuous that 'the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them].'" *Id*. at 163 (footnotes omitted). "[P]lain forfeited errors affecting substantial rights should be corrected on appeal only if they 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. at 164.

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R regarding the above findings (D.E. 22, pp. 34-37), and finding

no plain error requiring correction, the Court ADOPTS the above findings in the M&R. In so doing, the Court is further constrained to deny the recommended COA.

As the M&R observes, a COA is to issue on a merits decision when the petitioner can show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. D.E. 22, p. 41 (citing *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

On the other hand, when a disposition is made on a procedural decision, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

This case presents a conundrum in regards to a COA. The procedural decision here, while not debatable in this Court's view, is a basis for applying a stringent standard of review to the constitutional question on its merits—a standard Clark did not meet. Relying on a preliminary recommendation for a COA by the Magistrate Judge, Clark did not state objections. *See generally* Fed. R. Civ. P. 72(b)(2) (requiring objection to M&R to preserve right to appeal); *Bowlen v. Scafati*, 395 F.2d 692 (1st Cir. 1968) (issues not raised in the district court may not be raised in the court of appeals by means of a request for a COA); *Lagrone v. Johnson*, CIV.A. 4:99-CV-521-X, 2002 WL 87465, at *6 & n.2

(N.D. Tex. Jan. 22, 2002) (there is no basis for a COA when a petitioner fails to brief objections to the findings and conclusions of the M&R).

This Court finds that Clark has not demonstrated that reasonable jurists could debate whether he was entitled to relief on the constitutional merits of his ineffective assistance of counsel claim under a plain error review. Because Clark failed to brief the issues, the Court REJECTS the recommendation in the M&R regarding issuance of a COA.

**Waiver by Referencing Only Pleading**. Clark states that he "waives the argument and references the issue in the § 2254" with respect to the following findings by the Magistrate Judge:

- The record does not establish that trial counsel was deficient for failing to make any objections throughout the trial (M&R ground 2); and

- The claim that trial counsel "gave up" in the middle of trial is unexhausted and procedurally defaulted because Clark failed to raise it in state court and he would now be barred from doing so (M&R ground 7 (final)).

D.E. 23, pp. 2-3.

A waiver of argument or briefing necessarily waives the assertion of error. And directing the court to briefing from a prior stage of the case is insufficient. *See generally, Blanton v. Quarterman*, 287 Fed. App'x 407, 409 (5th Cir. 2008) (citing *Summers v. Dretke*, 431 F.3d 861, 870 (5th Cir. 2005) (recognizing that a COA applicant waives claims by directing appellate court to briefing before the district court); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that a party cannot preserve arguments by

attempting to incorporate portions of earlier briefing)); *McGowen v. Thaler*, 675 F.3d 482, 497 (5th Cir. 2012) (same). By referring to his pleading, Clark has failed to show how there is any error in the Magistrate Judge's assessment of his claims. These objections to the M&R are OVERRULED.

**Briefed Error**. The only objection that Clark briefs in regard to ineffective assistance is his contention that his attorney had a conflict of interest (M&R ground 5) that denied him effective assistance of counsel. He suggests that his attorney was colluding with the prosecution, satisfying the criteria in *United States v. Cronic*, 466 U.S. 648 (1984), for implying prejudice. The *Cronic* case lists three categories of ineffective assistance: (1) outright denial of counsel at a critical stage of prosecution; (2) a breakdown in the adversarial process based on a review of the actual conduct of the trial; and (3) circumstances surrounding the defendant's representation that are sufficiently infirm as to justify a presumption of ineffective assistance. *Id*. at 662.

Clark relies on the third category, as his complaint is that his counsel described him as a "monster" to the prosecutor, causing him to question whether he could rely on his attorney's representation. But the *Cronic* opinion did not leave the third category wide open. It referenced five criteria that had been identified in the court of appeals' decision. *Id*. at 662-66. Those criteria are: "(1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel." *United States v. Cronic*, 675 F.2d 1126, 1129 (10th Cir. 1982), *rev'd*, 466 U.S. 648 (1984).

An out of court statement of a personal opinion of the client does not neccessarily call into question the effectiveness of trial counsel. Any suggestion that counsel's personal opinion affected Clark's defense is speculative and contrary to the record. As the *Cronic* opinion concludes, a criminal defendant can make a claim of ineffective assistance only by pointing to specific errors made by trial counsel. *Cronic*, 466 U.S. at 666. This objection is OVERRULED.

The Court OVERRULES the objections to the M&R's conclusion that Clark failed to show that he was denied effective assistance of counsel. The Court further REJECTS the recommendation that a COA issue on any part of that analysis.

### IV.   Cumulative Error

Clark objects to the denial of his cumulative error complaint because, even if the Supreme Court has not recognized the complaint, other courts of appeals have recognized it. For this objection, he "references back to his Traverse at 24 citing three different Circuits who found counsel ineffective for cumulative errors." D.E. 23, p. 3. As set out above, an appellant waives error by merely referring to briefing at a prior stage of the proceedings. *See Blanton*, 287 Fed. App'x at 409. Clark has failed to show error in the Magistrate Judge's analysis. The objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court

**OVERRULES** Petitioner's objections and **ADOPTS IN PART** as its own the findings and conclusions of the Magistrate Judge, excepting only the recommendation to issue a COA.

Accordingly, Respondent's motion for summary judgment (D.E. 16) is **GRANTED** and Clark's § 2254 petition is **DENIED WITH PREJUDICE**. In the event Clark seeks a COA, the COA is **DENIED**.

ORDERED this 9th day of September, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE